CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 16 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KEVIN BALLANCE, | ) | CASE NO. 7:17CV00040 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Kevin Ballance, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983 against the United States, Virginia Beach and its police department, the Commonwealth of Virginia and its parole board, the Virginia Department of Corrections (VDOC), and nearly two dozen of its officials. His sixteen-part complaint seeks monetary damages for past events in prison as well as permission to seek forensic testing of an audio tape related to his criminal proceedings. Because Ballance has not prepaid the requisite filing fee, the court assumes for purposes of this opinion that he is seeking to proceed in forma pauperis. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice based on Ballance's many prior civil actions that have been dismissed.

The Prison Litigation Reform Act of 1995 substantially amended the in forma pauperis statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to

state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

Ballance has brought such actions or appeals on three or more prior occasions. See, e.g., Ballance v. Ford, 1:95CV01519 (E.D. Va. Oct. 31, 1995) (dismissed as frivolous); Ballance v. True, 1:03CV01263 (E.D. Va. Oct. 16, 2003) (dismissed under § 1915A(b)(1) for failure to state a claim), appeal dismissed as frivolous, No. 03-7835 (4th Cir. Feb. 23, 2004); Ballance v. Turk, 1:05CV00864 (E.D. Va. Sept. 7, 2005) (dismissed under § 1915A(b)(1) for failure to state a claim); and Ballance v. Watson, 1:11CV917 (E.D. Va. Oct. 14, 2011) (dismissed under § 1915A(b)(1) for failure to state a claim). See also Ballance v. Kiser, 7:00CV00116 (W.D. Va. Feb. 17, 2000 (dismissed under § 1915A), appeal dismissed as frivolous, No. 00-6422 (4th Cir. June 6, 2000) ("We have reviewed the record and the district court's opinion and find that this appeal is frivolous. Accordingly, we dismiss the appeal on the reasoning of the district court."). Accordingly, Ballance may proceed in forma pauperis (without prepayment of the filing fee) only if he can show that he faces imminent danger of serious physical injury. § 1915(g).

Ballance's complaint does not comply with the Federal Rules of Civil Procedure governing joinder of claims and parties. See Fed R. Civ. P. 18 and 20. It also sues entities that are not subject to suit under § 1983, and the frivolous and malicious nature of the majority of his claims is apparent on the face of the submission. Most importantly, however, the complaint does not allege any facts suggesting that Ballance was in imminent danger of any physical injury related to his claims at the time he filed his complaint.

Because the records reflect that Ballance has at least three "strikes" under § 1915(g), and he has not demonstrated that he is in imminent danger of physical harm, the court denies

2

Ballance the opportunity to proceed in forma pauperis and will dismiss the complaint without prejudice under § 1915(g). An appropriate order will issue this day.

Ballance is also advised that future filings of this nature may result in a prefiling injunction against him. Prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions or actions. See, e.g., Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001). Repeated submissions of a clearly frivolous or malicious nature can and will result in the imposition of a pre-filing review system, and if such a system is placed in effect, pleadings not filed in good faith and lacking substance will be summarily dismissed as frivolous. If a litigant persists in such filings, the pre-filing system may be modified to include an injunction from filings, and monetary sanctions may be imposed. See 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b) and (c).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of February, 2017.

/s/ Conrad
Chief United States District Judge